UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


IVIN ROMON RICHARDSON,

     Plaintiff,

v.                                                                     Case No. 3:21cv509-MCR-HTC

WARDEN FLORES,
GOLDEN,
FLA DEPT CORRECTIONS,
MARK INCH,
COLONEL JONES,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Ivin Romon Richardson, a prisoner proceeding *pro se*, initiated this action on March 18, 2021 by filing a civil rights complaint purporting to state a claim under 42 U.S.C. § 1983. ECF Doc. 1. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). For the reasons set forth below, after reviewing Plaintiff's complaint and litigation history, the undersigned recommends this case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker barred from proceeding *in forma pauperis* who failed to pay the requisite filing fee upon initiating this suit.

Section 1915(g) of the Prison Litigation Reform Act ("PLRA"), the so called "three-strikes" provision, provides as follow:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Plaintiff had accrued three such strikes under § 1915(g) at the time he filed the instant action on March 18, 2021. On February 14, 2019, the Court dismissed *Richardson v. Harrison* et al, 3:19-cv-00051-LC-EMT, "as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1)." On the same day, the Court dismissed *Richardson v. Duncan*, 3:19-cv-00052-LC-EMT, "as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1)." On May 7, 2020, the Court dismissed *Richardson v. City of Pensacola*, 3:20-cv-04492-MCR-EMT, "as malicious, pursuant to 28 U.S.C. § 1915A(b)(1)." Each of these three (3) cases were filed and

dismissed while Richardson was "incarcerated or detained in any facility" and so the instant action must be dismissed "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The only exception to the 3-strike prohibition is if the prisoner demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004). Plaintiff, however, is not under such imminent danger. Instead, Plaintiff complains about access to the law library and the type of research materials and available law clerk help there. These complaints, even if proven, do not show he is imminent danger of serious physical injury.

Because Plaintiff is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g) and did not remit the filing fee when he initiated this action, his case is due to be dismissed. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Accordingly, it is respectfully RECOMMENDED that:

1.      This case be DISMISSED WITHOUT PREJUDICE because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) who failed to prepay the filing fee.

2.     The clerk be directed to close this file.

At Pensacola, Florida, this 24th day of March, 2021.

*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.